IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:13-cv-00357-RJJ |
| ) | |
| MARC WILSON ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO STRIKE EXHIBITS C AND D FROM THE COMPLAINT**

NOW COMES Defendant, MARC WILSON, by and through his attorney Jeffrey J. Antonelli of Antonelli Law Ltd., and pursuant to Fed. R. Civ. P. 8 and 11, moves this Court to enter and Order striking Exhibits C and D from Plaintiff MALIBU MEDIA's Complaint and submits the following memorandum in support.

**I. INTRODUCTION**

On April 1, 2013, Plaintiff Malibu filed a complaint for copyright infringement against John Doe, identified as IP address 71.205.106.153, with four exhibits: (1) Exhibit A – File Hashes for IP address; (2) Exhibit B – Copyright Registrations; (3) Exhibit C – Expanded Surveillance; (4) Exhibit D – Exculpatory Evidence Request. [CM/ECF 1]. On June 6, 2013, Malibu Media filed an Amended Complaint, naming Marc Wilson as the defendant, with the same four exhibits attached, including the two exhibits at issue here: Exhibit C – Expanded Surveillance and Exhibit D – Exculpatory Evidence Request. [CM/ECF 9].

Exhibit C – Expanded Surveillance contains a table showing downloads that purportedly occurred on the Defendant's IP address from February 28, 2013 through March 18, 2013, listed by filename and hit date. Many of the filenames are lewd and suggest that many of files are pornography; other filenames appear to be of popular television shows and mainstream movies.

Malibu Media asserts in its Complaint that "Exhibit C is provided for evidentiary purposes only." Compl. ¶ 22. Upon information and belief, Malibu Media does not own any of the exclusive rights, or any other rights, in the files included in Exhibit C.

Exhibit D – Exculpatory Evidence Request is a list of questions that the Plaintiff intends the Defendant to answer. The questions are directed to identifying relatives, friends, and neighbors who may have downloaded the Plaintiff's copyrighted works. Exhibit D is described as "a solicitation of exculpatory evidence in the event that Defendant chooses to deny the allegations." Compl. ¶ 23.

## II. ARGUMENT

### A. Legal Standard

Rule 8 states that a pleading must contain a "short and plain statement of the claim," and that it must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1); *see also Stinnett v. Kushman*, No. 10-15043 (E.D. Mich. Feb. 17, 2011) (Order of Judge Borman granting defendant's motion to strike certain exhibits to the complaint and finding that the exhibits at issue constituted "similar acts evidence, under Fed.R.Evid. 404(b), which is not properly part of a complaint under Fed.R.Civ.P. 8"). Rule 11 states that "by presenting to the court a pleading [. . .] an attorney [. . .] certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b).

### B. The Purpose of Exhibit C is to Harass and Embarrass the Defendant, and It Has No Legitimate Purpose for Inclusion in the Complaint

The list of vulgar and lewd titles in Exhibit C has no relevance to the Plaintiff's cause of action for copyright infringement and can therefore only be intended to embarrass and harass the

Defendant. Under the Federal Rules of Civil Procedure, the plaintiff is required to submit a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to bring a cause of action for copyright infringement, the plaintiff is required to show ownership of a valid copyright and copying by the defendant. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991). Nothing more is required than alleging that the Defendant downloaded *Malibu Media's* films. Including a list of purportedly downloaded works—works that are presumably copyrighted and owned by parties unrelated to Malibu Media—that occurred on the Defendant's IP address has no relevance and provides no support to the claim that the Defendant allegedly downloaded copyrighted works owned by Malibu Media.

Given that all documents filed with the court are public record, there is a high likelihood that a connection can be and has been made between the name of Defendant and the lewd titles included in Exhibit C, causing embarrassment to the Defendant. At this stage of the case, it is still in dispute whether Defendant downloaded the Plaintiff's copyrighted works—to pair the Defendant's name with an 11-page list of other downloads, at best is improper under the Federal Rules, and at worst is akin to defamation and a means of coercing the Defendant to settle. This—settlement induced by public embarrassment—may very well be the ultimate aim of the Plaintiff. Using the courts to coerce settlements out of the individuals who happen to pay the Internet bill is an abuse of the judicial system.

### C. The Titles in Exhibit C are Unfairly Prejudicial and Are Not Admissible under the Federal Rules of Evidence, and are Therefore Improper

Though Malibu Media asserts that it included Exhibit C in the Complaint "for evidentiary purposes only," it is clear that under the Federal Rules of Evidence, the Expanded Surveillance would be inadmissible as propensity evidence. Rule 404 states that "evidence of a person's

character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). The plain intent behind including Exhibit C and the lewd filenames is to demonstrate that the Defendant is someone who frequently uses BitTorrent to download files, and in particular, that the Defendant frequently downloads *pornography*. This type of character evidence is inadmissible for such purposes. As concisely stated by the California Law Revision Commission:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

> Fed. R. Evid. 404, Notes of the Advisory Committee on Proposed Rules.

Here, the undue prejudice of the titles listed in Exhibit C substantially outweighs the probative value of the "evidence." The nature of the filenames, along with the implication that the Defendant is a frequent or habitual user of BitTorrent to download copyrighted works, damages the Defendant's reputation. As to the probative value of the filenames contained in Exhibit C, such value is minimal at best. An IP address does not identify a person—at best, it identifies the person who pays the bill for the Internet service. Beyond that identification, there can be little, if any, certainty as to whether the infringer was another household member, or a guest, or an unauthorized user connecting from anywhere within range, such as a neighbor, a guest of a neighbor, or someone sitting on the street in a car. The filenames themselves do not have any distinctive characteristics that point to the Defendant or any other person.

Therefore, Exhibit C is not admissible as evidence, serves no reasonable or legitimate purpose as an exhibit to the Complaint, and should be stricken.

### D. Exhibit D Is Improperly Included as Part of the Complaint and Is a Blatant Attempt to Obtain Information Prior to Discovery

Exhibit D – Exculpatory Evidence Request is, in effect, a fishing expedition designed to obtain information that is otherwise properly obtained through the formal discovery process. There is no requirement under the pleading rules for the Plaintiff to submit a list of questions with its Complaint, nor is there any requirement for the Defendant to supply answers to those questions. Rather, all that is required at this stage is that the Plaintiff submit a "short and plain statement of the claim," and that it must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). While the answers to these questions may be relevant, it would only be appropriate to serve them after the defendant has actually filed an Answer and the discovery process has begun.

Further, Exhibit D is disturbing when viewed in a larger context. While in this case the Defendant is represented by counsel, in other cases (of the dozens of nearly identical cases filed by Malibu Media across the country), where the defendant proceeds pro se, the Plaintiff may reap an unfair advantage through this Exhibit to the Complaint. At this stage of the case, the defendant would not have a similar opportunity to request information from the plaintiff.

### III.  CONCLUSION

Malibu Media has overstepped the bounds of the Federal Rules with Exhibits C and D to its Complaint for copyright infringement. These exhibits, in particular Exhibit C – Expanded Surveillance, serve to harass and embarrass the Defendant, and can damage the Defendant's personal and professional reputation, as well as his reputation as a good standing member of his community. Exhibit C does not, and cannot, support the allegations in the complaint as admissible evidence because it is barred as propensity evidence under Federal Rule of Evidence 404(a). Exhibit D represents a blatant attempt at securing early discovery, which does not follow the Court's procedures, and unfairly puts any defendant who mistakenly believes he *must* file

answers to those questions, at a disadvantage. Because Exhibits C and D are improper documents to include in a Complaint, pursuant to Federal Rules 8 and 11, it is appropriate for this Court to strike these exhibits from the Complaint.

WHEREFORE, Defendant, MARC WILSON, moves this Court to enter an Order Striking Exhibits C and D from the Complaint pursuant to Rules 8 and 11, and such equitable relief as this Court deems just.

Dated: August 30, 2013

                                        Respectfully submitted,

                                    By:    /s/ Jeffrey J. Antonelli

                                           Jeffrey J. Antonelli, Bar # 6271875
                                           Attorney for Defendant
                                           Antonelli Law, Ltd.
                                           100 North LaSalle Street, Suite 2400
                                           Chicago, IL 60602
                                           Telephone: (312) 201-8310
                                           E-Mail: jeffrey@antonelli-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Paul J Nicoletti
NICOLETTI & ASSOCIATES PLLC
Suite 100
36880 Woodward Avenue
Bloomfield Hills, MI 48304
248-203-7800
248-203-7801 (fax)
paul@nicoletti-associates.com

                                                   By:    /s/ Jeffrey J. Antonelli
                                                        Jeffrey J. Antonelli, Bar # 6271875
                                                        Attorney for Defendant
                                                        Antonelli Law, Ltd.
                                                        100 North LaSalle Street, Suite 2400
                                                        Chicago, IL 60602
                                                        Telephone: (312) 201-8310
                                                        E-Mail: jeffrey@antonelli-law.com