UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

                Plaintiffs,                Case No.  1:13cv357

v.                                            Hon. Robert J. Jonker

MARC WILSON,

                Defendant.
_____/

## ORDER DENYING MOTION TO SEAL

Before the Court is Joint Motion to Seal Exhibit C of Complaint and Amended Complaint (docket # 23).  A document filed with the Court becomes a judicial record.  *Pansy v. Stroudsburg*, 23, F.3d 772, 781 (3d Cir. 1994).  "When a district court relies upon a document 'in determining the litigants' substantive rights, and in performing its adjudicatory function . . . [t]he common law presumption of public access' attaches to the document."  *Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co.*, 951 F. Supp. 679, 690 (W.D. Mich. 1996) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (alteration in original)).  A court's decision to seal a record is governed by a balancing test that generally favors public availability.  *See* In re *Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983) (holding that only the most compelling reasons justify nondisclosure of judicial records).  To determine whether the parties have overcome the presumption of access, the Court balances the public's interest against the claimed interest in confidentiality.  *Picard*, 951 F. Supp. at 691 (citing *Matter of Continental*, 732 F.2d 1302, 1313 (7th Cir. 1984)).  The "preference for public access is rooted in the public's first amendment right to know about the administration of justice."  *Id.* (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994)).  Public access "helps safeguard 'the integrity, quality and respect in our judicial system' and permits

the public to 'keep a watchful eye on the workings of public agencies.'"  *Id.* (quoting *Orion*, 21 F.3d at 26).

The parties have not made the showing necessary to overcome the strong presumption favoring public access to judicial records.  The information in Exhibit C to the Complaint is not different in kind from the core allegations of the public Complaint and Exhibits A and B.  Second, the Court already addressed the content of all the Exhibits in a public hearing in the course of denying Defendant's Motion to Strike, and the transcript of that argument and ruling is already a matter of public record (docket # 22).  Third, for some of the same reasons articulated by the Court in denying the Motion to Strike, the Court does not find good cause to seal Exhibit C.  In particular, even though the subject of Exhibit C are not works to which Plaintiff claims a copyright, the information on Exhibit C could become Rule 404(b) evidence on issues of intent, the absence of mistake or other similar matters.  The information is not, in other words, the kind of "tangentially related" information suggested by the parties.  Finally, the Court does not find particularized risk of harm to the Defendant.  Yes, a prospective employer could find out about this case, but Exhibit C doesn't materially impact that risk.  With or without Exhibit C, the public record will disclose a claim of copyright infringement against the Defendant , and the Defendant's denial of all wrongdoing.  And with or without Exhibit C, the public record will disclose that the allegedly copyrighted works had titles consistent with adult content.

Accordingly, **IT IS ORDERED** that the Motion to Seal is **DENIED**.  The Clerk of Court shall treat Joint Motion to Seal Exhibit C of Complaint and Amended Complaint (docket # 23), as a publicly accessible filing not under seal.

                                               /s/Robert J. Jonker
                                          ROBERT J. JONKER
                                UNITED STATES DISTRICT JUDGE

Dated:  October 24, 2013